*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-162

SEPTEMBER TERM, 2013

| | |
|---|---|
| Keith Judd | } APPEALED FROM: |
| | } |
| | } Superior Court, Washington Unit, |
| v. | } Civil Division |
| | } |
| | } |
| Secretary of State, et al. | } DOCKET NO. 218-4-13 Wncv |

Trial Judge: Robert R. Bent

In the above-entitled cause, the Clerk will enter:

Plaintiff Keith Judd appeals pro se from a superior court order dismissing his complaint for declaratory relief. We affirm.

In April 2013, plaintiff filed a complaint seeking a declaration that President Obama is not eligible to be President of the United States because he is not a "natural born" U.S. citizen as required by Article II, Section 1 of the United States Constitution. The trial court dismissed the complaint on its own motion on the ground that the issue had been raised and rejected in two prior cases in Vermont. This appeal followed.

Plaintiff is correct that the two prior decisions on which the trial court relied, Judd v. State, No. 2011-350, 2012 WL 1305003 (Vt. Mar. 15, 2012) (unpub. mem.) and In re Judd, No. 2011-108, 2011 WL 4976600 (Vt. July 7, 2011) (unpub. mem.), both involved a claim that plaintiff had been improperly prevented from voting and running for President because of his status as a convicted felon, a different issue from the one asserted in this case. We take judicial notice, however, that plaintiff has unsuccessfully raised the identical claim concerning President Obama in numerous other jurisdictions. See, e.g., Grinols v. Electoral College, No. 2:12-cv-02997-MCE-DAD, 2013 WL 2294885 (E.D. Cal. Jan. 30, 2013); Judd v. Sec'y of W.Va., No.2:11-cv-00369, 2013 WL 368375 (S.D.W.Va. May 23, 2013); Judd v. Browning, 104 So. 3d 1085 (Fla. 2012); Judd v. State Bd. of Elections of N.C., 731 S.E.2d 430 (N.C. 2012). Plaintiff's claim is therefore res judicata, and was properly dismissed. Berlin Convalescent Ctr., Inc. v. Stoneman, 159 Vt. 53, 56 (1992) (doctrine of res judicata bars relitigation of claim in which parties, subject matter, and causes of action are identical).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice